# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

**WILLIE R. CLENTION**                                                    **PLAINTIFF**

**vs**                        **CIVIL ACTION NO.**   4:22cv44-DMB-DAS

**GLOBAL INDUSTRIES, INC.,**
**TULIP FARMS, INC.,**
**TENSAS RIVER FARMS III, LLC,**
**ROSS MANUFACTURING COMPANY, and**
**JOHN DOE CORPORATIONS 4-5**                        **DEFENDANTS**

## NOTICE OF REMOVAL

**PLEASE TAKE NOTICE** that Defendant, Defendant, Ross Manufacturing Company, Inc., (hereinafter "Defendant" or "Ross Manufacturing"), by and through its counsel of record, hereby gives notice of the removal of Civil Action Cause No. 06CI1:19-cv-0005 filed in the Circuit Court of Bolivar County, Mississippi, First Judicial District, from said court to the United States District Court for the Northern District of Mississippi, Greenville Division. Defendants Global Industries, Inc., Tulip Farms, Inc., and Tensas River Farms, III, LLC, consent to this removal.[1] This Notice of Removal is filed pursuant to 28 U.S.C.A. § 1332, 28 U.S.C.A. § 1441, and 28 U.S.C.A. § 1446.

## CIVIL ACTION REMOVED

1. On June 17, 2019, Plaintiff Willie R. Clention ("Plaintiff"), filed his original Complaint in state court as a result of an injury to Plaintiff's foot incurred while he shoveled rice into a sweep auger on or about February 14, 2019, at Satterfield Farms, Inc., in Benoit, Bolivar County, Mississippi.

---

[1] Upon information and belief, Co-Defendants will separately file joinders to this removal.

2. The original Complaint is styled *Willis R. Clention v. Grain Systems, Inc., GSI Group, Inc., Reed-Joseph International, Inc., Tulip Farms, Inc., Tensas River Farms III, LLC, and John Doe Corporations 1-5*, and is filed in the Circuit Court of Bolivar County, Mississippi, First Judicial District, bearing Cause No. 06CI1:19-cv-0005. The original Complaint was filed on June 17, 2019, and is attached hereto and labeled "Exhibit A."

3. On December 11, 2019, Plaintiff filed his First Amended Complaint to amend and remove Defendants Grain Systems, Inc., and GSI Group, Inc., and add Global Industries, Inc., as a named Defendant. The First Amended Complaint is attached hereto and labeled "Exhibit B."

4. On March 16, 2021, Plaintiff filed his Second Amended Complaint to remove Defendant Reed-Joseph International, Inc., and to add Clarke T. Reed d/b/a Reed-Joseph International Company and John B. Joseph III, d/b/a Reed-Joseph International Company. The Second Amended Complaint is attached hereto and labeled as "Exhibit C."

5. And on February 28, 2022, Plaintiff filed a Third Amended Complaint to remove Defendants Clarke T. Reed d/b/a Reed-Joseph International Company and John B. Joseph III, d/b/a Reed-Joseph International Company and add Defendant Ross Manufacturing Company and John Doe Corporations 4-5. The Third Amended Complaint is attached hereto and labeled as "Exhibit D."

6. Ross Manufacturing was served with the Summons and Third Amended Complaint on February 28, 2022.

7. Each defendant in a civil action has thirty (30) days after being served with the initial pleading or summons in which to file a notice of removal. 28 U.S.C. §

1446(b)(2)(B). However, the later-served defendant rule provides that "[i]f defendants are served at different times, and a later-served defendant files a notice of removal, any earlier-served defendant may consent to the removal even though that earlier-served defendant did not previously initiate or consent to removal." Id. § 1446(b)(2)(C).

8. Thirty (30) days have not elapsed since Ross Manufacturing, the later-served Defendant, was served with the Summons and Third Amended Complaint. The earlier-served Defendants, consent to this removal in accordance with 28 U.S.C. § 1446(b)(2)(C). Thus, under the later-served defendant rule, this removal is timely.

## AMOUNT IN CONTROVERSY EXCEEDS $75,000

9. In the Fifth Circuit, "removal is proper if it is facially apparent from the complaint that the claims are likely to be above $ 75,000." *Randle v. Smithkline Beecham Corp.*, 338 F. Supp. 2d 704, 709 (S.D. Miss. 2004) (citing Allen v. R & H Oil & Gas Co., 63 F.3d 1326, 1335 (5th Cir. 1995)). Courts determine whether it is facially apparent that the amount in controversy exceeds the jurisdictional minimum "by simply examining the complaint and ascertaining whether the amount in controversy is likely to exceed $75,000." *Amos v. Citifinancial Corp.*, 243 F. Supp. 2d 587, 590 (N.D. Miss. 2003) (citing Allen, 63 F.3d at 1336). For this analysis, "the court may refer to the types of claims alleged by the plaintiff, as well as the nature of the damages sought." Id. (citing Allen, 63 F.3d at 1335).

10. Plaintiff alleges that he has suffered a serious injury that resulted in damages for medical expenses, future medical expenses and prosthetics, permanent impairment, past, present and future mental and emotion distress and physical pain, loss of enjoyment of life, disability, loss of wage earnings, lost wages and other losses. *See* Third Amended Complaint, (Ex. D), p. 9-10, ¶ 34.

11. The amount of claimed damages was unspecified, but Plaintiff's alleged damages in his Third Amended Complaint make it facially apparent that the amount in controversy exceeds $75,000, exclusive of interest and costs. See *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000) (facially apparent that claimed damages exceeded $75,000 where plaintiff alleged physical injuries, medical expenses, physical pain and suffering, mental anguish, loss of enjoyment of life, loss of wages and earning capacity, and permanent disability and disfigurement); *Scirocco v. Ford Motor Co.*, No. 5:13-CV-128-KS-MTP, 2014 U.S. Dist. LEXIS 158890, at *3-4 (S.D. Miss. Nov. 10, 2014) (facially apparent that plaintiffs' claims were likely to exceed $75,000 where they alleged severe and permanent physical injuries, mental anguish, anxiety, pain and suffering, disability, disfigurement, loss of wages and wage-earning capacity, past and future medical expenses, and loss of consortium); *Colony Ins. Co. v. Ropers of Hattiesburg*, No. 2:11cv3KS-MTP, 2011 U.S. Dist. LEXIS 34026, at *9 (S.D. Miss. Mar. 29, 2011) (compensatory damages sought "would most probably result in the amount of controversy requirement being met" where damages included past and future medical expenses, past and future lost wages, past and future physical pain and suffering, and past and future emotional distress and anxiety); *Stewart v. Glenburney Healthcare, LLC*, No. 5:08-CV-270-DCB-JMR, 2008 U.S. Dist. LEXIS 106129, at *2 n.1 (S.D. Miss. Dec. 23, 2008) (facially apparent that claimed damages exceeded $75,000 where plaintiff sought compensatory damages for medical expenses, physical pain and suffering, emotional and mental anguish, loss of enjoyment of life, physical injuries, and disfigurement).

12. Pursuant to the foregoing authorities, it is facially apparent that the amount in controversy of Plaintiff's claims exceeds $75,000, exclusive of interest and costs. Therefore, this Court has original jurisdiction in accordance with 28 U.S.C. § 1332, and

the action may be removed under 28 U.S.C. § 1441.

## COMPLETE DIVERSITY OF PARTIES

13. According to his Third Amended Complaint, Plaintiff is an adult resident citizen of Bolivar County, Mississippi. Third Amended Complaint (Ex. D) ¶ 1.

14. Defendant Global Industries, Inc., is a Nebraska corporation. Third Amended Complaint, ¶ 2.

15. Defendant Tulip Farms, Inc., is an Arkansas corporation, and Tensas River Farms, III, LLC, is an Arkansas limited liability company. Third Amended Complaint, ¶¶ 4 and 5.

16. The newly added Defendant, Ross Manufacturing Company, Inc., is a Tennessee corporation. Third Amended Complaint, ¶ 3.

17. In accordance with 28 U.S.C. § 1332, there is complete diversity of citizenship in this case.

18. Therefore, the claims asserted by the Plaintiff against these Defendants are properly within federal court diversity jurisdiction, as complete diversity exists between the parties, and the amount in controversy exceeds $75,000. *See* 28 U.S.C.A. § 1332 and 28 U.S.C.A. § 1441.

## VENUE

19. Venue properly rests with this Court pursuant to 28 U.S.C. § 1441(a), as this case is being removed from the Circuit Court of Bolivar County, Mississippi, First Judicial District.

## COPIES OF STATE COURT PROCEEDINGS

20. A true and correct copy of all papers on file in the Circuit Court of Bolivar County, Mississippi, First Judicial District, will be filed by Defendant Ross

Page **5** of **7**

Manufacturing.

## NOTICE TO THE STATE COURT

21. Concurrent with the filing of this Notice, Ross Manufacturing will also file with the Circuit Court of Bolivar County, Mississippi, a true and correct copy of this Notice, thereby effecting removal of this action to this Court. As per 28 U.S.C. § 1446(d), no further proceedings shall be had in the Circuit Court of Bolivar County, Mississippi. A copy of the Notice to be filed in State Court is attached hereto and labeled "Exhibit E."

**WHEREFORE, PREMISES CONSIDERED**, Ross Manufacturing respectfully prays that this Court will receive this Notice of Removal and place this cause upon the docket of this Court.

**RESPECTFULLY SUBMITTED**, this the 29th day of March, 2022.

> **ROSS MANUFACTURING COMPANY, INC., Defendant**
>
> BY: /s/ Timothy J. Sterling
> TIMOTHY J. STERLING (MSB No. 103063)
> Attorney for Ross Manufacturing Company, Inc.

OF COUNSEL:

**COPELAND, COOK, TAYLOR AND BUSH, P.A.**
TIMOTHY J. STERLING (MSB No. 103063)
600 Concourse, Suite 200
1076 Highland Colony Parkway (39157)
Post Office Box 6020
Ridgeland, Mississippi 39158
Tel.: 601-856-7200
Fax: 601-856-7626
tsterling@cctb.com

**CERTIFICATE OF SERVICE**

I, Timothy J. Sterling, do hereby certify that I have this day caused to be electronically filed this document by using the Court's ECF Filing System and do hereby certify that I have this day caused to be delivered via electronic mail, a true and correct copy of the foregoing to the following:

> Charles M. Merkel, Jr. Esq.
> Edward P. Connell, Jr., Esq.
> Merkel & Cocke, PA
> Post Office Box 1388
> Clarksdale, MS 38614
> Attorneys for Plaintiff
>
> Wilton V. Byars, III, Esq.
> J. Miles Fork, Esq.
> Daniel Coker Horton & Bell, P.A.
> P. O. Box 1396
> Oxford, MS 39655-1396
> Attorneys for Defendant Global Industries
>
> H. Scott Spragins, Esq.
> Hickman Goza & Spragins
> P. O. Box 668
> Oxford, MS 38655
> Attorney for Defendants Tulip Farms, Inc., and Tensas River Farms III, LLC

This the 29th day of March, 2022.

/s/ Timothy J. Sterling
Timothy J. Sterling (MSB No. 10306