**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**GREENVILLE DIVISION**

**WILLIE R. CLENTION**                                                    **PLAINTIFF**

**V.**                                                         **NO. 4:22-CV-44-DMB-DAS**

**GLOBAL INDUSTRIES, INC., et al.**                              **DEFENDANTS**

**OPINION AND ORDER**

Willie Clention moves to remand this case to state court, arguing that its removal by a recently-added defendant is untimely under 28 U.S.C. § 1446(c)(1). Because § 1446(c)(1)'s one-year limitation period applies only when a case is not removable based on the initial complaint and because Clention's initial complaint was removable, remand will be denied.

**I**
**Procedural History**

On June 17, 2019, Willie R. Clention filed a complaint in the Circuit Court of Bolivar County, Mississippi, against Grain Systems, Inc.; GSI Group, Inc.; Reed-Joseph International, Inc.; Tulip Farms, Inc.; Tensas River Farms III, LLC; and "John Doe Corporations 1-5," alleging various state law claims arising from an accident involving an auger system in which he "lost much of his left foot." Doc. #14-2 at PageID 223–34. After receiving leave to amend, Clention filed an amended complaint on December 11, 2019, naming as defendants Global Industries, Inc.; Reed-Joseph Inc.; Tulip Farms; Tensas; and "John Doe Corporations 1-5," alleging the same state law claims. Doc. #14-15.

Global, asserting diversity jurisdiction, removed the case to the United States District Court for the Northern District of Mississippi on February 19, 2020. *Clention v. Glob. Indus., Inc.*, No. 4:20-cv-25, at Doc. #1 (N.D. Miss. Feb. 19, 2020) ("*Clention I*"). Clention moved to remand,

arguing that Reed-Joseph Inc. was a Mississippi citizen. *Id.* at Doc. #21. After the defendants responded to the motion to remand, Clention moved for leave to file a second amended complaint which dropped Reed-Joseph Inc. as a defendant; added as defendants Clarke T. Reed d/b/a Reed-Joseph International Company and John B. Joseph III d/b/a Reed-Joseph International Company; and retained the other defendants named in the amended complaint. *Id.* at Doc. #39. Because the proposed amendment would destroy subject matter jurisdiction, the Court, in an order issued March 4, 2021, analyzed Clention's motion to amend under the factors announced by the Fifth Circuit in *Hensgens v. Deere & Co*, 833 F.2d 1179, 1182 (5th Cir. 1987), and found they weighed in favor of allowing amendment. *Id.* at Doc. #47. Clention filed his second amended complaint on March 9, 2021. *Id.* at Doc. #48. Two days later, the Court remanded the case to the Bolivar County Circuit Court. *Id.* at Doc. #49.

On February 8, 2022, after the state court granted him leave to amend,[1] Clention filed a "Third Amended Complaint" against Global, Tulip Farms, Tensas, Ross Manufacturing Company, and "John Doe Corporations 4-5." Doc. #2. Ross, the new defendant, removed the case to the United States District Court for the Northern District of Mississippi on March 29, 2022, asserting diversity jurisdiction.[2] Doc. #1. Because the notice of removal failed to "identify the principal place of business as to Global, Tulip Farms, and Ross" or "identify the members of Tensas or allege their citizenship," the Court ordered Ross to show cause why the case should not be remanded. Doc. #5. Within the time allowed, Ross filed an amended notice of removal[3] alleging that it is a Tennessee corporation with its principal place of business in Tennessee; Clention is a citizen of Mississippi; Global is a Nebraska corporation with its principal place of business in

---

[1] Doc. #16-23.

[2] Global, Tulip, and Tensas joined the removal. Docs. #3, #4.

[3] Global, Tulip, and Tensas also joined the amended removal notice. Docs. #10, #11.

Nebraska; Tulip is an Arkansas corporation with its principal place of business in Tennessee; and Tensas' sole member is Rebecca Winemiller, a citizen of Tennessee.[4]  Doc. #7 at 5–6.

On April 7, 2022, Clention filed a motion to remand. Doc. #12. The motion is fully briefed. Docs. #13, #23, #26.

## II
## Removal and Remand

"Under the federal removal statute, a civil action may be removed from a state court to a federal court on the basis of diversity. This is so because the federal court has original subject matter jurisdiction over such cases." *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193, 199 (5th Cir. 2016).

> Removal may be improper, however, for jurisdictional or procedural reasons. Jurisdictional defects require remand to state court. And … they may be asserted at any point before a final, non-appealable judgment is rendered. It goes without saying courts are also obliged to raise jurisdictional defects *sua sponte*, if necessary.
>
> By contrast, procedural defects require the action's being remanded to state court only if plaintiff files a motion to remand within 30 days after the filing of the notice of removal under section 1446(a).

*Hinkley v. Envoy Air, Inc.*, 968 F.3d 544, 549 (5th Cir. 2020) (cleaned up).

"The party seeking to remove bears the burden of showing that federal jurisdiction exists and that removal was proper. Any ambiguities are construed against removal and in favor of remand to state court." *Scarlott v. Nissan N. Am., Inc.*, 771 F.3d 883, 887 (5th Cir. 2014) (internal citations omitted).  If the plaintiff timely files a motion raising procedural defects and the court concludes the removal procedure was improper, remand is warranted. *See Hinkley*, 968 F.3d at 550 (district court "presumably would have … remanded to state court based on [defendant's] having removed to the incorrect judicial district" if the plaintiffs had "timely filed a motion to

---

[4] Doc. #7-1 at ¶ 5.

remand").

### III
### Analysis

Clention argues that because the removal here occurred "more than one (1) year after the commencement of this action, this Court is without jurisdiction" and Ross "cannot establish bad faith on [his] part" as required to avoid the one-year limitation imposed by 28 U.S.C. § 1446(c)(1). Doc. #13 at 1–2.

Ross responds that § 1446(c)(1) only applies to removals under § 1446(b)(3) and its removal did not implicate that section "because this case did not become removable through an amended complaint or other papers" but rather "was removable as stated by the initial pleading." Doc. #23 at 2 (internal quotation marks omitted). Ross argues that if the third amended complaint is the initial pleading, diversity jurisdiction exists. *Id.* at 4. If the original complaint is the initial pleading, Ross argues diversity jurisdiction then existed because Reed-Joseph International, Inc.—the nondiverse defendant—"should not be considered because, when seeking remand the first time, [Clention] admitted that [it] was not a proper party;" "this Court's finding that Reed-Joseph International, Inc. was not a proper party renders Reed-Joseph International, Inc.'s citizenship irrelevant;" and the Court's ruling that "the filing of the second amended complaint destroy[ed] diversity jurisdiction" implicitly held that Reed-Joseph International, Inc. was diverse. *Id.* at 6–7. Alternatively, Ross argues that the one-year "clock could not start running until it was named as a Defendant, and one year has not passed since action commenced against [it]." Doc. #23 at 3 n.1.

Clention replies that "[f]rom the outset of this litigation, [he] sought to name as a party the proper 'Reed-Joseph' defendant(s) involved with the installation of the auger system at issue" and "[b]ut for the misnaming of the Reed-Joseph defendant in the Complaint and First Amended complaint initially filed in state court, the case would not have been removable in the first

instance." Doc. #26 at 1–2. He also argues the purpose of the one-year limitation is to avoid removal after "substantial state court progress" and such has occurred here because the parties have engaged in "extensive discovery, on-site inspections, and motion practice." *Id.* at 2–3. Clention further submits that the "revival exception" was rejected by the Court in *Elliot v. City of Holly Springs*, No. 3:10-cv-1-GHD-JAD, 2010 WL 2505599 (N.D. Miss. June 14, 2010). *Id.* at 3–4.

Section 1446(c)(1) provides that "[a] case may not be removed under subsection (b)(3) on the basis of jurisdiction conferred by section 1332 more than 1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith to prevent a defendant from removing the action." Section 1446(b)(3) allows a case that as "stated by the initial pleading is not removable" to be removed "within thirty days after receipt by the defendant … of a copy of an amended pleading, motion, order, or other paper from which it may first be ascertained that the case is one which is or has become removable." So "where a case is removable upon its initial pleading, the defendants' ultimate removal of a case is not governed by the … one-year limitation." *Kemp v. CTL Distrib., Inc.*, 440 F. App'x 240, 248 (5th Cir. 2011). The relevant question here is whether Clention's initial complaint was removable.[5] If it was removable, the one-year limitation does not apply and Ross' removal was proper. If it was not removable, the present removal is outside the one-year limitation period and remand is warranted.

The parties do not dispute (and the Court does not question) whether the amount in controversy is satisfied or whether the parties—except for the Reed-Joseph entity—are diverse.

---

[5] Ross contends that "the law on what constitutes an 'initial pleading,' whether it be the Original Complaint or the Complaint first naming the removing defendant, appears scant." Doc. #23 at 3. Based on § 1446(b)'s use of both "initial pleading" and "amended pleading," the Court concludes that "initial pleading" refers to the pleading that commenced the case, rather than the proceedings against a specific defendant. *See James v. Whitney*, No. 20-203, 2021 WL 3044149, at *3 (W.D. La. July 19, 2019) ("[N]umerous courts have determined that the addition of a new defendant to a lawsuit does not recommence the action for purposes of the one-year limitation.") (collecting cases).

So whether the case was removable as stated by the initial pleading turns on the citizenship of Reed-Joseph International, Inc. The initial complaint alleged that "Reed-Joseph International, Inc. … is a Delaware corporation with a principal office address [in] Greenville, Mississippi." Doc. #14-2 at PageID 224. However, Global asserted in its notice of removal that Reed-Joseph Inc.'s answer "establishes that [it] is a foreign corporation with no principal place of business in Mississippi." *Clention I* at Doc. #1. In its response to Clention's motion to remand in *Clention I*, Global supported this assertion with the declaration of Philip S. Sudan, which stated that Clention served "Reed-Joseph International, *Inc.* and not Reed-Joseph International *Company*;" Reed-Joseph International, Inc. "was incorporated in Delaware on January 12, 1976" and "merged into Houston Oil Field Material Company, Inc., on December 21, 1990;" and Houston Oil … "has been an inactive corporation and has not conducted any business in Mississippi (or elsewhere) since at least 1990." *Id.* at Doc. #21-1. In allowing Clention to amend his complaint, the Court noted that "[t]he defendants were able to remove this case only because Clention erroneously named a diverse entity who, although similarly named, is said to have no part in the entity currently doing business in Greenville." *Id.* at Doc. #47.

For diversity purposes, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). There is no dispute that Reed-Joseph International, Inc. was incorporated in Delaware. However, Global's notice of removal did not indicate its principal place of business. *See Clention I* at Doc. #1.

> [W]here—as is the case here—a corporation is alleged to be inactive at the time a lawsuit is filed, its citizenship for diversity purposes is less clear. Some courts hold that an inactive corporation is a citizen only of its state of incorporation. *See, e.g. Midlantic National Bank v. Hansen*, 48 F.3d 693, 696 (3d Cir.), *cert. dism'd*, 515 U.S. 1184 (1995). While other courts have held that the principal place of business of an inactive corporation is the place of its last business activity. *See, e.g. Wm.*

6

*Passalcquoa Builders, Inc. v. Resnick Developers South, Inc.*, 933 F.2d 131, 141 (2d Cir. 1991).

In *Harris v. Black Clawson Co.*, 961 F.2d 547 (5th Cir. 1992), the Fifth Circuit Court of Appeals held that "a wholesale adoption of the 'last activity test' would appear to be at odds with the 'total activity' test." *Id.* at 551. In that case, the Fifth Circuit held that "where a corporation has been inactive in a state for a substantial period of time … that state is not the corporation's principal place of business." *Id.* The question of "substantiality" must be decided on a case-by-case basis. *Id.* at 551 n.10. Thus, in the Fifth Circuit, the location of an inactive corporation's last business activity and the extent of the corporation's local presence may be relevant in determining its citizenship.

*Classic Americana, LLC v. Adell*, No. 3:19-cv-1419, 2020 WL 2735747, at *2–3 (N.D. Tex. May 26, 2020). In *Harris*, the Fifth Circuit held that because the corporation at issue had been inactive in Louisiana for five years, Louisiana was not its principal place of business for determining citizenship. 961 F.2d at 551.

Here, Sudan's declaration supports the representation that Reed-Joseph International, Inc. merged into Houston Oil and Houston Oil has been inactive since at least 1990. *Clention I* at Doc. #21-1. Because the relevant corporation had been inactive in Mississippi for 29 years at the time the complaint was filed, Mississippi was not its principal place of business and complete diversity existed. *See Harris*, 961 F.2d at 551. Consequently, the initial complaint was removable, § 1446(c)(1)'s one-year limitation does not apply, the current removal is proper, and remand is not warranted.

### IV
### Conclusion

Clention's motion to remand [12] is **DENIED**.

**SO ORDERED**, this 2nd day of December, 2022.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**